AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| GIANNITA DOBRIC | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| ALITALIA-SOCIETA' AEREA ITALIAN S.p.A. | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ALITALIA-SOCIETA' AEREA ITALIAN S.p.A.
C/O Kaplan Massamillo & Andrews, LLC
70 East 55th St. 25th floor
New York N.Y. 10022 (DOS Process)
Via Secretary of State of New York

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: CONSTANTINIDIS & ASSOCIATES PC
35-01 30th Ave
Suite 200
L.I.C. N.Y. 11103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
GIANNITA DOBRIC,

        Plaintiff,

   -against –

ALITALIA-SOCIETA' AEREA
ITALIAN S.p.A.,

        Defendant.
---------------------------------------------------X

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

    Plaintiff, GIANNITA DOBRIC, by and through her attorneys, CONSTANTINIDIS & ASSOCIATES P.C., respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1332 and 1367.

2. At all times hereinafter mentioned and at the time of the occurrences herein and at the present time, plaintiff, GIANNITA DOBRIC, was and is a citizen of the State of New York

.     3. That upon information and belief, at all times hereinafter mentioned, and at the time of the occurrences herein, defendant, ALITALIA-SOCIETA' AEREA ITALIAN S.p.A , (hereinafter ALITALIA), was and is a foreign corporation duly organized and existing under the laws of the nation of Italy.

4. That upon information and belief, at all times hereinafter mentioned, and at the time of the occurrences herein, defendant, ALITALIA, was and still is a foreign corporation maintaining its principal place of business in Italy.

5. That upon information and belief, at all times hereinafter mentioned, and at the time of the occurrences herein, defendant, ALITALIA was and is a foreign corporation duly organized and existing under the laws of the nation of Italy, which was authorized to do business in the State of New York, and/or was transacting and/or conducting business in the State of New York.

6. That on or about November 9th, 2018, plaintiff, DONNITA DOBRIC, was a fair paying passenger aboard ALITALIA Flight AZ 605, which departed from Kennedy International Airport and arrived in Milan Malpensa Airport, Milan Italy.

7. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. Venue is founded upon 28 U.S.C. § 1391 (a) and/or (b).

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ALITALIA.

9. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein at length.

10. That at all times hereinafter mentioned and at the time of the occurrences herein and on and prior to November 9th, 2018, defendant ALITALIA was a common carrier, and an international airline which operated regularly scheduled passenger flights and performed aircraft maintenance at John F. Kennedy International Airport in Queens, New York.

11. On and prior to November 9th, 2018, defendant ALITALIA. was and is a commercial air carrier engaged in the business of carrying passengers for hire in interstate and international commerce.

12. That plaintiff, GIANNITA DOBRIC, was a fare paying passenger aboard ALITALIA Flight AZ 605.

13. That during the course of ALITALIA Flight AZ 605, the plaintiff, GIANNITA DOBRIC, was walking in a poorly lit aisle which contained debris and luggage while disembarking the aircraft after landing in Milan.

14. That on or about November 9th, 2018, plaintiff, GIANNITA DOBRIC, while aboard ALITALIA Flight AZ 605 was caused to trip and fall causing plaintiff, GIANNITA DOBRIC, to be severely injured.

15. That the occurrence as described herein and the results and consequences thereon were caused by the carelessness and negligence of defendant, ALITALIA., their agents, servants, licensees and/or employees, concerning the operation, maintenance, management and control of the aforedescribed aircraft; in operating said aircraft in a negligent and unsafe manner; in failing to maintain said aircraft in a reasonably safe and proper condition; in maintaining an unsafe aircraft; in allowing an unsafe condition within the passenger cabin; in failing to have adequate lighting aboard the aircraft; in negligently and unnecessarily exposing and subjecting the plaintiff to harm, danger and injury; that the defendant ALITALIA, failed to discharge its duties as a common carrier to safely transport the plaintiff and the defendant ALITALIA. was otherwise negligent and careless, proximately resulting in injury to the plaintiff and plaintiff relies on the doctrine of *res ipsa loquitur*.

16. That as a result of the aforementioned occurrence plaintiff, GIANNITA DOBRIC, was proximately caused to suffer certain serious, severe and permanent personal injuries and conditions, including, but not limited to, fracture of the left ankle; plaintiff was also caused to endure great physical pain and suffering, loss of earnings, caused to receive medical care and treatment, caused to incur expenses for medical care and treatment, and was caused to and continues to suffer from emotional and psychological trauma and distress; and has otherwise been caused to be damaged thereby. That the plaintiff's injuries are permanent in nature and will continue to cause pain, suffering and mental anguish and other pecuniary damages in the future.

17. That by reason of the foregoing, defendant, ALITALIA. is liable to pay full, fair and reasonable damages to the plaintiff under the Warsaw Convention Treaty, together with the Montreal Agreement, which Defendant ALITALIA., was a party to and the International Air Transportation Association Inter-Carrier Agreement on Passenger Liability, which Defendant ALITALIA, signed in 1996, waiving all monetary limits in connection therewith, and additionally under all applicable law providing for recovery of damages.

18. Defendant ALITALIA did not take all necessary measures to avoid the subject incident and injuries to the Plaintiff, GIANNITA DOBRIC.

19. That by reason of the negligence of the defendant, the plaintiff was incapacitated from her usual duties and activities, and sustained loss of enjoyment of life.

20. That by reason of the negligence of the defendant, the plaintiff was incapacitated from her usual employment and livelihood, and sustained economic damages, and impairment of future earning capacity.

4

21. That by reason of the foregoing plaintiff has been damaged and is entitled to recover damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

## TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

**WHEREFORE**, plaintiff, DONNITA DOBRIC, demands judgment against defendant, ALITALIA in the sum of ONE MILLION ($1,000,000.00) DOLLARS as and

for compensatory damages, together with costs and disbursements of this action.

**CONSTANTINIDIS & ASSOCIATES P.C.**

By: _____
STEVEN T. LANE, ESQ.
35-01 30th Avenue, Suite 200
L.I.C., New York 11103
Tel: 718-204-1500
Fax: 718-956-8668
Constantinidis.associates@Gmail.com

5

## VERIFICATION

STATE OF NEW YORK)
                 : ss.:
COUNTY OF QUEENS )

_Giannita Dobric_ being duly sworn, deposes and says:

Deponent is the plaintiff in the within action, that deponent has read the foregoing _Verified Complaint_ knows the contents thereof; the same is true to deponent's own knowledge except to matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true. The grounds of deponent's belief as to all matters are based upon deponent's personal knowledge.

_Giannita Dobric_

Sworn to before me this 15th
day of _October_, 2020.

_Kathy P. Liosis_
KATHY P. LIOSIS
Notary Public, State of New York
Qualified in Queens County
No. 01LI6052694
Commission Expires Dec 4, 2021