**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GIANNITA DOBRIC,<br><br>      Plaintiff,<br><br> -against-<br><br>ALITALIA-SOCIETA' AEREA ITALIAN, S.p.A.,<br><br>      Defendant. | Case Number: 1:20-CV-04964-EK-SMG<br><br>Civil Action<br><br>**ANSWER TO COMPLAINT** |

Defendant ALITALIA-SOCIETÀ AEREA ITALIANA, S.p.A., sued incorrectly herein as "ALITALIA-SOCIETA' AEREA ITALIAN, S.p.A." (hereinafter "Alitalia"), by and through its undersigned attorneys, as and for its Answer to the Complaint herein alleges, upon information and belief, as follows:

**AS TO THE ALLEGED JURISDICTION AND VENUE**

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "1" of the Complaint, except admits that based solely on the allegations asserted on the face of the Complaint, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "2" of the Complaint.

3. Defendant admits the allegations asserted in Paragraph "3" of the Complaint.

4. Defendant admits the allegations asserted in Paragraph "4" of the Complaint.

5. Defendant admits the allegations asserted in Paragraph "5" of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "6" of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "7" of the Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "8" of the Complaint.

## AS TO THE ALLEGED FIRST CAUSE OF ACTION

9.      Defendant repeats, reiterates and realleges each and every denial asserted in its answer to Paragraphs "1" through and including "8" of the Complaint as if more fully set forth at length herein.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "10" of the Complaint, except admits that it is an international airline operating passenger flights to and from John F. Kennedy International Airport located in Queens, New York.

11.     Defendant denies the allegations asserted in Paragraph "11" of the Complaint, except admits that it is a commercial air carrier engaged in the business of carrying passengers by international transportation by air.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "12" of the Complaint.

13.     Defendant denies the allegations asserted in Paragraph "13" of the Complaint.

14.     Defendant denies the allegations asserted in Paragraph "14" of the Complaint.

15.     Defendant denies the allegations asserted in Paragraph "15" of the Complaint.

16.     Defendant denies the allegations asserted in Paragraph "16" of the Complaint.

17.     Defendant denies the allegations asserted in Paragraph "17" of the Complaint, except admits only that the damage allegedly sustained by Plaintiff arose in connection with "international transportation" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 ("Montreal Convention") to which the United States and Italy are signatories, and the rights and any liability of the parties are subject to the provisions of said Montreal Convention.

18.     Defendant denies the allegations asserted in Paragraph "18" of the Complaint.

19.     Defendant denies the allegations asserted in Paragraph "19" of the Complaint.

20.     Defendant denies the allegations asserted in Paragraph "20" of the Complaint.

21.     Defendant denies the allegations asserted in Paragraph "21" of the Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The damage of which Plaintiff complains, arose in connection with "international transportation" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 ("Montreal Convention") and the rights  of the parties are subject to the provisions of said Montreal Convention.  Accordingly, the liability of Defendant, if any, is barred and/or limited in accordance with the provisions of the Montreal Convention.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The incident complained of was not an "accident" within the meaning of Article 17 of the Montreal Convention and, therefore, ALITALIA is not liable to the Plaintiff for any alleged damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Pursuant to Article 20 of the Montreal Convention, Defendant is not liable to Plaintiff or its liability, if any, should be reduced.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Pursuant to Article 21 of the Montreal Convention and/or Alitalia's Conditions of Contract, the liability of Alitalia, if any, is limited and/or barred.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If Plaintiff sustained or suffered damages as alleged in the Complaint, which Alitalia expressly denies, such damages were caused in whole or in part by one or more of Plaintiff's negligence, culpable conduct, assumption of risk, intervening and superseding acts of negligence and to the extent of her culpability, Plaintiff is barred from recovery or, alternatively shall have her damages reduced in the proportion that her culpable conduct bears to all conduct causing or contributing to such damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If Plaintiff sustained or suffered damages as alleged in the Complaint, which Alitalia expressly denies, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom Alitalia exercised no control or supervision, and not by reason of any culpable conduct of Alitalia.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims for relief as set forth in the Complaint herein, and each of them, is barred in that the accident, injuries and damages alleged therein, if any, were proximately caused by the negligence and tortious conduct of persons or entities other than Alitalia and/or its

employees and/or agents, in that such conduct bars recovery herein against Alitalia, or reduces any such recovery in proportion to the negligence and tortious conduct of others.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or minimize her damages, if any, in that Plaintiff failed to properly maintain, control, inspect or otherwise conduct her activities and otherwise failed to take adequate measures to minimize her damages, expenditures and costs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every purported claim for relief contained therein, fails to state facts sufficient to constitute a cause of action against Alitalia in that full responsibility for the control of the situation, threatened harm, injuries and damages as alleged by Plaintiff passed to a third person or persons whose acts or omissions resulted in an intervening and superseding cause and acts of negligence

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide a notice of claim and proof of claim within the time or in the manner required by Alitalia's Conditions of Contract and, therefore, Alitalia is not liable to plaintiff.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrines of waiver and/or estoppel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the equitable doctrine of laches.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by her failure to perform all conditions precedent.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Any damages alleged to have been sustained by Plaintiff was caused by her own breach of the contract of carriage, tariffs, or culpable conduct, and by reason thereof, a dismissal of this action is warranted, or, in the event Defendant is found liable to Plaintiff, which Defendant expressly denies, Defendant is entitled to contribution or apportionment pursuant to applicable law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that it took all necessary measures, or that it was impossible for it to take such measures to avoid any loss or damage alleged in the Complaint and, therefore, Defendant is not liable to Plaintiff pursuant to the Montreal Convention.

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

The claims for relief asserted in Plaintiffs' Complaint, if any, are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b) and/or applicable statutes and regulations.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant asserts all applicable defenses and limitations of damages set forth in the provisions of the Montreal Convention.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred and/or preempted by the Federal Aviation Act and/or applicable statutes and regulations.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted and must be dismissed.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

ALITALIA is an "agency" or "instrumentality" of a "foreign state" within the meaning of 28 U.S.C. §1603 et seq. (the Foreign Sovereign Immunities Act of 1976) and, accordingly, is entitled to, and does here assert, all of the privileges, immunities and defenses provided to ALITALIA by virtue of said Act, including the right to trial by the Court without jury

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

ALITALIA is immune from suit in the United States pursuant to the Foreign Sovereign Immunities Act.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant reserves the right to raise additional affirmative defenses and amend its Answer accordingly based upon the facts revealed during the course of discovery in this action.

WHEREFORE, Defendant ALITALIA-SOCIETÀ AEREA ITALIANA, S.p.A., incorrectly sued herein as "ALITALIA-SOCIETA' AEREA ITALIAN, S.p.A." demands judgment in its favor dismissing Plaintiff's Complaint in its entirety with prejudice, together with the costs and disbursements of this action, or, that its liability, if any, be limited in accordance with applicable law, regulation or contract, and for such other and further relief as the Court deems just and proper.

Dated:  December 8, 2020

Respectfully submitted,

KMA ZUCKERT LLC

_____

Jennifer Huang, Esq.
1350 Broadway, Suite 2410
New York, New York 10018
(212) 922-0450

Attorneys for Defendant
Alitalia-Società Aerea Italiana, S.p.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April 2020, I electronically filed the foregoing

document with the Clerk of Court via the Court's CM/ECF. I also certify that the foregoing

document is being served this day upon all counsel of record either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or

parties who are not authorized to receive electronically Notices of Electronic Filing.

KMA ZUCKERT LLC

_____

Jennifer Huang, Esq.
1350 Broadway, Suite 2410
New York, New York  10018
Phone: 212-922-0450
E-mail: jhuang@kmazuckert.com